JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. The Cuyahoga County Engineer discharged claimant Concepcion Perez for, among other things, sexually harassing a co-worker. The Unemployment Compensation Review Commission affirmed a ruling denying Perez's application for unemployment benefits. The common pleas court likewise affirmed. The issues on appeal complain that the court's decision is against the manifest weight of the evidence, particularly because the commission's decision relied on the results of Perez's polygraph test — a test which showed that he gave evasive answers and otherwise tried to skew the results of the test (the complainant's polygraph test showed physiological changes indicative of truthfulness).
 {¶ 2} After reviewing the evidence, we cannot say the commission's decision is unlawful, unreasonable, or against the manifest weight of the evidence. See R.C. 4141.28(N)(1); Tzangas, Plakas Mannos v. Ohio Bur.of Emp. Serv., 73 Ohio St.3d 694, 696, 1995-Ohio-206. While the commission has in the past refused to find a discharge for just cause based solely on the employee's refusal to take a polygraph test, see Inre Fledderman (Apr. 7, 1986), Unemployment Comp. Bd. of Review. No. 641244-BR, we question the validity of that finding in light of the supreme court's decision in Warrensville Heights v. Jennings (1991),58 Ohio St.3d 206 (holding that a police department terminates an officer for just cause based on a refusal to take a polygraph test, thus suggesting that polygraph test results are viable factors in discharge).
 {¶ 3} In any event, while the results of the polygraph tests certainly weighed into the commission's decision, the commission specifically stated that it considered the coworker's testimony together with the polygraph results. Despite the lack of corroborating evidence and Perez's otherwise blameless employment record, the commission could find the co-worker's testimony believable, particularly in light of Perez's attempts to give evasive answers to the polygraph. While the co-worker did not voice concerns to the other members of the crew immediately after the incident, she did make a formal complaint the following day, and her version of events did not waiver. And it bears noting that Perez's attempts to discredit the co-worker's credibility were based solely on her performance as a worker, with no apparent nexus to the actual complaints made against him. Indeed, Perez admitted that he had run personal errands during work hours, thus greatly damaging his own credibility. Hence, even had there been no polygraph test, the commission's finding could rest on its resolution of credibility questions in the co-worker's favor.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Dyke, J., concur.